NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-650

DELORES GALLAND
VERSUS
JON BLADEL, BLADEL ENTERPRISE, L.L.C.,
AND BLADEL HOMES, L.L.C.

**********
APPEAL FROM THE
MARKSVILLE CITY COURT
PARISH OF AVOYELLES, NO. C-10-20
HONORABLE ANGELO J. PIAZZA, III, CITY COURT JUDGE

**********
BILLY H. EZELL
JUDGE

**********

Court composed of Billy H. Ezell, Shannon J. Gremillion, and David E. Chatelain*, Judges.

MOTION TO DISMISS APPEAL DENIED.

Thomas D. Davenport
Attorney at Law
1628 Metro Drive
Alexandria, Louisiana 71301
(318) 445-9696
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Jon Bladel
    Bladel Enterprise, L.L.C.
    Bladel Homes, L.L.C.

_____

*Judge David E. Chatelain, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Derek Paul Manuel**
**Attorney at Law, P.L.L.C.**
**115 East Ogden Street**
**Marksville, Louisiana 71352**
**(318) 717-1199**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Delores Galland**

EZELL, Judge.

The Plaintiff-Appellee, Delores Galland, moves to dismiss this appeal, in whole or in part, on the ground that the appeal was not filed timely. For the reasons given herein, we deny the motion.

Plaintiff filed suit in Marksville City Court alleging that Defendants, Jon Bladel; Bladel Enterprise, L.L.C.; and Bladel Homes, L.L.C., owe her money for work that she performed for them. Defendants were not present in court when trial was held on February 11, 2010. On February 11, 2010, the trial court signed a money judgment ordering one of the Defendants, Jon Bladel, to pay Plaintiff $3,121.95, plus interest and costs. On April 8, 2010, the trial court signed an amended judgment finding that all Defendants are liable to Plaintiff in the amount of $3,881.31, plus interest and costs. The record does not contain any documentation that notice of the original judgment or the amended judgment was mailed to the parties.

On May 10, 2010, Defendants filed a motion for a suspensive appeal, and the trial court signed an order of appeal on that same day. The appeal was lodged in this court on May 27, 2010. On July 9, 2010, Plaintiff filed a motion to dismiss the appeal.

In her motion to dismiss the appeal, Plaintiff asserts that Defendants' appeal was filed untimely. Plaintiff points out that Defendants' motion for appeal indicates that they are seeking to appeal both the trial court's original judgment of February 11, 2010, and the amended judgment of April 8, 2010. Plaintiff argues that the May 10, 2010, motion for appeal is untimely because it was filed well beyond the thirty days allowed for filing a suspensive appeal and the sixty days allowed for filing a devolutive appeal. As such, Plaintiff seeks to have this court dismiss the entire appeal as untimely or, alternatively, to dismiss that part of the appeal pertaining to the original judgment.

1

The time delay for seeking an appeal from a judgment rendered by a city court when no motion for new trial is filed is set forth in La.Code Civ.P. art. 5002, which provides, in pertinent part, that "[a]n appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary." In the instant case, the initial judgment was rendered against Defendants in open court on February 11, 2010, and the judgment was signed that same day. Because Defendants were not present in court, we find that notice of judgment was required in this case. La.Code Civ.P. art. 1913. However, the record is devoid any evidence that notice of the judgment was ever mailed to the parties for either the original judgment or the amended judgment. Accordingly, we find that the ten-day appeal delay had not commenced to run when Defendants filed their motion for appeal. Therefore, we hold that Defendants' motion for appeal was not filed untimely, and we deny Plaintiff's motion to dismiss the appeal.

Additionally, we note that Plaintiff has requested that this court suspend the deadline for Plaintiff to submit her brief to this court. However, because the record reveals that Plaintiff submitted her brief to this court on July 13, 2010, we find the request for a suspension of the briefing deadlines to be moot.

**MOTION TO DISMISS APPEAL DENIED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.